UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :      23cv6985(DLC)

JOHN DOE, *a fictitious name,*       :
                                        :          ORDER

                     Plaintiff,    :
              -v-                    :

FIRST UNUM LIFE INSURANCE COMPANY,   :
                                          :
                     Defendant.    :
                                          :
------------------------------------- X

DENISE COTE, District Judge:

     In an Order of August 8, 2023, the Honorable Lewis J. Liman

granted the plaintiff's request to proceed in this case under

the pseudonym "John Doe".  The Second Circuit Court of Appeals

has set forth a balancing test under which courts should weigh

"the plaintiff's interest in anonymity against both the public

interest in disclosure and any prejudice to the defendant."

United States v. Pilcher, 950 F.3d 39, 42 (2d Cir. 2020)

(citation omitted).  This test includes the following factors:

> (1) whether the litigation involves matters that are highly
> sensitive and of a personal nature; (2) whether
> identification poses a risk of retaliatory physical or
> mental harm to the party seeking to proceed anonymously or
> even more critically, to innocent non-parties; (3) whether
> identification presents other harms and the likely severity
> of those harms, including whether the injury litigated
> against would be incurred as a result of the disclosure of
> the plaintiff's identity; (4) whether the plaintiff is
> particularly vulnerable to the possible harms of disclosure
> particularly in light of his age; (5) whether the suit is
> challenging the actions of the government or that of
> private parties; (6) whether the defendant is prejudiced by
> allowing the plaintiff to press his claims anonymously,
> whether the nature of the prejudice (if any) differs at any

particular stage of the litigation, and whether any
prejudice can be mitigated by the district court; (7)
whether the plaintiff's identity has thus far been kept
confidential; (8) whether the public's interest in the
litigation is furthered by requiring the plaintiff to
disclose his identity; (9) whether, because of the purely
legal nature of the issues presented or otherwise, there is
an atypically weak public interest in knowing the
litigants' identities; and (10) whether there are any
alternative mechanisms for protecting the confidentiality
of the plaintiff.

Id. (citing Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185,

189-90 (2d Cir. 2008)).

It is hereby

ORDERED that the parties shall be prepared to address at

the initial pretrial conference on April 24, 2024, whether the

plaintiff should be permitted to proceed anonymously.

Dated:      New York, New York
            April 18, 2024

                              _____
                              DENISE COTE
                              United States District Judge