# Robinson+Cole

RAYMOND J. CARTA

1055 Washington Boulevard
Stamford, CT 06901-2249
Main (203) 462-7500
Fax (203) 462-7599
rcarta@rc.com
Direct (203) 462-7530

Also admitted in New Jersey,
New York and Pennsylvania

September 10, 2024

**_VIA ECF_**
Hon. Denise Cote
United Strates District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Guangyu Li (Formally Known As John Doe) v. First Unum Life Insurance Company*
       Case No.: 1:23-cv-06985 (DC)

Dear Judge Cote:

      We represent Defendant First Unum Life Insurance Company ("First Unum") in the above-referenced matter. The instant action involves Plaintiff's claim for long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA"). Pursuant to the briefing schedule set by the Court, First Unum's memorandum of law is due on September 12, 2024. (Dkt. Nos. 37 and 38). In connection with the filing of its memorandum of law and pursuant to the stipulation agreed to between the parties (Dkt. No. 34-1), First Unum intends to file a non-redacted administrative record ("Administrative Record") pertaining to Plaintiff's LTD claim at issue. Pursuant to Sections 6 and 21 of the Southern District of New York's Electronic Case Filing Rules & Instructions and Rules 4.D. and 8.B. of Your Honor's Individual Practices in Civil Cases, First Unum respectfully moves this Court for an order permitting it to file a non-redacted Administrative Record in this ERISA action under seal for judicial review with the Clerk of the Court.

      District courts within the Second Circuit "enjoy[] considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in federal courts." *Grayson v. Gen. Elec. Co.*, 2015 WL 1867736, at *1 (D. Conn. Apr. 23, 2015) (citing *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000)).

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Good cause exists to seal the Administrative Record, which spans more than 1,300 pages.[1] These documents are replete with information regarding Plaintiff's medical conditions, diagnosis and treatment that may be protected health information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA"). *See, e.g., Valentini v. Grp. Health Inc.*, No. 20CV09526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) ("[B]ecause a plaintiff maintains significant privacy rights to her medical information, courts regularly seal records protected from disclosure by HIPAA."); *Offor v. Mercy Med. Ctr.*, 167 F. Supp.3d 414, 445 (E.D.N.Y. 2016) (collecting cases), *vacated in part on other grounds*, 676 Fed. Appx. 51 (2d Cir. 2017) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information."); *Barnwell v. FCI Danbury*, 2011 WL 5330215, at *5 (D. Conn. Nov. 3, 2011) (sealing "records relating to [plaintiff's] personal medical treatment" because "[f]ederal law generally treats such records as confidential."); *Northrop v. Carucci*, 2007 WL 685173, at *3 n. 6 (D. Conn. Mar. 5, 2007) ("The record contains over 800 pages of plaintiff's medical records.... No motion to seal them has been filed. Courts ordinarily apply a strong presumption against sealing court records.... However, federal law treats medical records as confidential. .... Therefore, plaintiff's medical records will be sealed by the Clerk."). Accordingly, sealing the entire Administrative Record is the most narrowly-tailored means available for protecting plaintiff's PHI.

In addition, the documents comprising the Administrative Record are laced with references to Plaintiff's social security number, date of birth, home address and other sensitive and personally identifiable information ("PII").

In light of the sheer volume of PHI and PII spanning the Administrative Record, virtually all of the documents submitted for judicial review would need to be redacted. This would be an extremely burdensome task. Making the Administrative Record available for public inspection would serve very little, if any, public purpose and would risk significant intrusion on Plaintiff's privacy. Disclosure of the information in the Administrative Record in the public record, if left unredacted in error, could cause serious and irreparable injury to Plaintiff by disclosing highly private and personal information. As a practical matter, there is no less restrictive alternative available than submitting a non-redacted Administrative Record directly to the Clerk of the Court under seal.

In light of all of the foregoing, First Unum respectfully requests that the Court enter an order permitting it to file a non-redacted Administrative Record under seal for judicial review with the Clerk of the Court.

*Granted.*
*/s/ Denise Cote*
9/10/24

---

[1] The Administrative Record in this action consists of documents Bates stamped FU-CL-LTD-000001-001268, FU-PLAN-000001-000024, and UA-LTD-POLICYBOOKLET 000028-000051.

Hon. Denise Cote, U.S.D.J.
September 10, 2024
Page 3

                                          Respectfully submitted,

                                          */s/ Raymond J. Carta*
                                          Raymond J. Carta


cc:      All Counsel of Record *(via ECF)*